UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURIE DeNEUI and TERRY DeNEUI, | ) ) ) | CIV. 07-4172-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER DENYING MOTION FOR PROTECTIVE ORDER |
| DR. BRYAN WELLMAN and WILSON ASFORA, P.C. d/b/a Sioux Falls Neurosurgical Associates, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs move for a protective order to prevent plaintiff Laurie DeNeui's treating physician, Dr. Nathan Rud, from disclosing to his personal counsel information that is protected by the physician-patient privilege. Dr. Rud opposes the motion. The motion is denied.

## FACTUAL BACKGROUND

Plaintiffs filed a civil action against defendants alleging that defendant Dr. Bryan Wellman was medically negligent in his care for plaintiff Laurie DeNeui (DeNeui) and further that he breached his duty of care to DeNeui by failing to obtain her informed consent before providing treatment. Plaintiffs also bring a claim against defendant Wilson Asfora, P.C., d/b/a Sioux Falls Neurosurgical Associates, under the theory of respondeat superior. Plaintiffs bring a claim against all defendants for loss of consortium.

Dr. Wellman performed an anterior cervical diskectomy and fusion on DeNeui in October of 2005. Plaintiffs allege that the surgery caused DeNeui to become permanently and totally disabled. Dr. Rud is a family practice physician and has been DeNeui's primary care physician since late 1998 or early 1999. Dr. Rud referred DeNeui to Dr. Wellman and has continued to provide care to DeNeui subsequent to the surgery at issue in this case.

During the course of discovery, plaintiffs noticed the deposition of Dr. Rud. Docket 29. Dr. Rud's malpractice carrier, which also provides malpractice insurance for Dr. Wellman, retained counsel John Gray to represent Dr. Rud. Neither Gray, nor a member of his firm, has been retained by the malpractice carrier to represent Dr. Wellman in connection with this litigation. Plaintiffs responded by moving for a protective order prohibiting Dr. Rud from discussing DeNeui's medical history with his counsel prior to the deposition. Docket 30. Dr. Rud filed a response opposing plaintiffs' motion.

## DISCUSSION

In their briefs before the court, plaintiffs argue that Dr. Rud should not be allowed to discuss DeNeui's medical history with Gray, as any such discussion would be a breach of DeNeui's physician-patient privilege. Dr. Rud argues that he has a right to consultation of legal counsel prior to

2

his deposition in this litigation, and that DeNeui's physician-patient privilege has been waived as a result of her bringing suit.

Both parties agree that because this is a federal diversity action the state law of the forum state, in this case South Dakota, governs the protections afforded by the physician-patient privilege.  See In re Baycol Prod. Litig., 219 F.R.D. 468, 469 (D. Minn. 2003); Fed. R. Evid. 501.  Under South Dakota law:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental, or emotional condition, including alcohol or drug addiction, among himself, physician, or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

SDCL 19-13-7.

This privilege, however, is waived under certain circumstances:

> In any action or proceeding . . . if the physical or mental health of any person is in issue, any privilege under § 19-13-7 is waived at trial or for the purpose of discovery under chapter 15-6 if such action or proceeding is civil in nature.  However, the waiver of the privilege shall be narrow in scope, closely tailored to the time period or subject matter of the claim.

SDCL 19-2-3.

Plaintiffs argue that to the extent DeNeui has waived her physician-patient privilege, that waiver does not apply to conversations Dr. Rud has with his attorney.  Plaintiffs argue than any such conversations would be

3

outside of the scope of the waiver provision in South Dakota law, which only allows for waiver "at trial of for purpose of discovery." Under plaintiffs' interpretation of SDCL 19-2-3, the privilege is waived with respect to the testimony Dr. Rud gives during the deposition, but not for Dr. Rud's discussions with his personal counsel prior to the deposition.

In support of this argument, plaintiffs cite Schaffer v. Spicer, 215 N.W.2d 134 (S.D. 1974). In Schaffer, the plaintiff brought suit against her doctor after the doctor provided her former husband with an affidavit detailing information he had obtained through his relationship as a psychiatrist with plaintiff . Schaffer, 215 N.W.2d at 135. The psychiatrist argued that the physician-patient privilege had been waived because the plaintiff had put her psychological health at issue in the divorce trial and subsequent hearings determining custody of her children.[1] Id. at 136. The South Dakota Supreme Court found that even if the privilege had been waived, that "waiver does not authorize a private conference between doctor and defense lawyer." Id. at 137 (quoting Hammonds v. Aetna Casualty & Surety Co., 243 F. Supp. 793, 805 (N.D. Ohio 1965)).

Plaintiffs also cite a number of cases from foreign jurisdictions, in support of their contention that ex parte communications between defense

---

[1] Although the waiver statute at issue in Schaffer was an earlier version than the one in effect today, the differences in the two versions are not relevant to this court's order.

counsel and a plaintiff's treating physician should not be permitted.  See, e.g., Manion v. N.P.W. Med. Ctr. of N.E. Pa., Inc., 676 F. Supp. 585, 594-95 (M.D. Pa. 1987); Loudon v. Mhyre, 756 P.2d 138, 140 (Wash. 1988); Duquette v. Superior Court, 778 P.2d 634, 641 (Ariz. Ct. App. 1989).  The court agrees with this authority to the extent that it holds that counsel for the named defendants in this case should not have ex parte contact with Dr. Rud.  Such contact, without the presence of plaintiffs' counsel, presents a number of risks potentially prejudicial to plaintiffs.  See Myhre, 756 P.2d at 140 (the doctor may inadvertently disclose privileged information regarding a medical condition not at issue in the litigation); Duquette, 778 P.2d at 641 (the doctor may feel compelled to participate because the doctor shares malpractice carriers with the named defendant).

     The type of contact at issue in Schaffer and the other authority cited by plaintiffs, however, is altogether different from the type of contact that is at issue in this instance.  Here, Dr. Rud seeks to have contact with his personal attorney, not the attorney that represents the defendants.  Dr. Rud has been subpoenaed to give deposition testimony in connection with an injury suffered by one of his patients related to treatment provided based upon his referral.  In this situation, the court finds that Dr. Rud has the right to consult with counsel regarding his impending testimony and that he

may discuss matters protected from the outside world by the physician-patient privilege within the context of the attorney-client relationship.

As noted in Baylaender v. Method, 594 N.E.2d 1317 (Ill. App. Ct. 1992), one of the cases cited by plaintiffs, "[t]he fundamental value of facilitating access between a client and his attorney is expressed in the formulation and protection given to their communications under the attorney-client privilege." Baylaender, 594 N.E.2d at 1325. The court in Baylaender observed that allowing a doctor to discuss with personal counsel matters protected by the physician-patient privilege does not erode the protections afforded by that privilege:

> [T]he treating physician has the means by which to control the sharing of any information by his attorney, or for that matter his carrier, through enforcement of the attorney-client privilege. The lawyer would be bound by the attorney-client privilege not to disclose without his client's consent, and the physician would be bound by his fiduciary duty to his patient to withhold such consent.

Id. at 1325.

Whether or not Dr. Rud himself has been named in the lawsuit, he has the right to consult with counsel with regard to plaintiffs' lawsuit to which he is at least tangentially involved. Although plaintiffs represent that they do not intend to name Dr. Rud as a defendant, their intention could change during the course of this litigation. Under SDCL 19-2-3 the court finds that DeNeui has put her health at issue by alleging she received

6

improper medical care and therefore waived her physician-patient privilege with respect to that care. The court finds that the waiver in SDCL 19-2-3 is not so narrow as to apply *only* to testimony actually given at trial or during discovery, but also is applicable to a physician engaging in preparation with his private attorney for those legal events. As discussed above, the attorney-client privilege serves to substantially limit any effect that the right to counsel has on the physician-patient privilege. Even if the privilege has not been waived in this situation, Dr. Rud's right to legal representation outweighs any concerns of a breach of the physician-patient privilege.

In their briefs, plaintiffs express their concern that because both Dr. Rud and Dr. Wellman are covered by the same malpractice insurance carrier, Dr. Rud's testimony will be improperly influenced by Gray. Gray has been retained to represent Dr. Rud and it would be a violation of his ethical obligations as a lawyer to act in a manner inconsistent with Dr. Rud's best interests. There is no evidence that would suggest to the court that Gray would engage in such improper conduct, and plaintiffs' bare assertions are not a proper basis upon which to grant plaintiffs' motion for a protective order.

Finally, plaintiffs argue that any disclosure of information governed by the patient-physician privilege by Dr. Rud to his personal counsel would violate HIPAA. HIPAA regulations provide for the disclosure of privileged

information for purposes of obtaining legal services. See 45 C.F.R. §§ 164.502(a)(1)(ii), 164.501. The disclosure at issue in this case is not a public disclosure at a judicial proceeding but rather is a limited disclosure to Dr. Rud's personal counsel, which in turn cannot be disclosed to a third party pursuant to the attorney-client privilege. Under these circumstances, the court does not find that HIPAA requires the court to grant plaintiffs' motion for a protective order.

Based on the foregoing, it is hereby

ORDERED that plaintiffs' motion for a protective order (Docket 30) is denied.

Dated June 5, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE